IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO J. SOLORZANO

    *Plaintiff,*

vs.                                                      NO. 1:21-cv-1106

CACTUS DRILLING COMPANY, LLC and
DEVON ENERGY PRODUCTION
COMPANY, L.P.

    *Defendants.*

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Ricardo J. Solorzano, files this Original Complaint complaining of the acts or omissions of Defendants, Cactus Drilling Company, LLC and Devon Energy Production Company, L.P., and respectfully shows the Court as follows:

## I.
## PARTIES

1.    Plaintiff Ricardo J. Solorzano is an individual citizen of Texas.

2.    Defendant, Cactus Drilling Company, LLC ("Cactus"), is a foreign limited liability company organized under the laws of Oklahoma with its principal place of business in Oklahoma. Cactus may be served through its registered agent in New Mexico, C T Corporation System, located at 206 S Coronado Avenue, Espanola, New Mexico 87532-2792. Upon information and belief, none of the members of Cactus are Texas citizens.

3.    Defendant, Devon Energy Production Company, L.P. ("Devon"), is a foreign limited partnership organized under the laws of Oklahoma with its principal place of business in Oklahoma. Devon may be served through its registered agent in New Mexico, Gregory J. Nibert, located at 400 Penn Plaza, Suite 640, Roswell, New Mexico 88201. Upon information and belief, none of the partners of Devon are Texas citizens.

4.    Cactus and Devon may be collectively referred herein to as "Defendants".

## II.
## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred in New Mexico. Moreover, this Court has personal jurisdiction over Cactus and Devon because these defendants do business in New Mexico, and this lawsuit arises out of a tort Cactus and Devon committed in New Mexico.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1332(a)(1) because there is diversity of citizenship among the parties, in that Defendants were diverse in citizenship from Plaintiff now and at the time this action was commenced. Upon information and belief, none of the members or managers of Cactus are citizens of Texas and none of the partners of Devon are citizens of Texas. Furthermore, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7. Venue in this Court is proper under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## III.
## FACTUAL BACKGROUND

8. This case arises out of severe injuries to Plaintiff that resulted from Defendants' negligent operation of a land-based drilling rig and wellsite in Eddy County, New Mexico. On or about February 9, 2019, Plaintiff was working as a Floorhand/Tong Operator in the course and scope of his employment with Express Energy Services ("Express"), an oilfield services company, on a land-based drilling rig owned, controlled, and/or operated by Cactus at a wellsite owned, supervised, and/or operated by Devon.

9. Upon information and belief, Devon was the lease owner and/or well operator. As such, the well site was under the supervision, control, and management of Devon and its employees, servants, agents, representatives, sub-agents, and/or contractors.

10. Upon information and belief, Devon hired Cactus to perform drilling work/services at the well site and Cactus provided both drilling equipment and personnel to perform such work. As such, the drilling rig and equipment were under the control and management of Cactus and its employees, servants, agents, representatives, sub-agents, and/or contractors

11. At the time of Plaintiff's injury, he and his Express co-workers were attempting to lock a rotor of the Cactus drilling rig when the Cactus drilling operator spun the rotor too fast for the work being done. This caused hydraulic slip hoses to wrap around Plaintiff's legs and pull him into the equipment. The spinning rotor and tightening hoses crushed Plaintiff's right leg and caused a compound fracture.

12. Plaintiff suffered serious personal injuries to his right leg, left knee, and other parts of his body due to Defendants' careless and negligent acts and omissions.

13. Nothing that Plaintiff did or failed to do on the date of the incident in question caused or in any way contributed to his injuries.

14. On information and belief, Devon and Cactus retained control—whether directly or via their respective employees, agents, or representatives—over the means, methods, and details of the operations performed on the drilling rig. Moreover, on information and belief, Devon retained control over the manner in which the work was performed through its on-site representative(s) (a/k/a "company man") present at the well site at all relevant times herein.

## IV. CAUSES OF ACTION AGAINST DEVON

**A. NEGLIGENCE**

15. Plaintiff incorporates all other paragraphs by reference here fully.

16. Defendant Devon had ownership and/or control over the instrumentality and activity in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were caused by Devon's negligent, careless, and reckless disregard of this duty.

17. The negligent, careless, and reckless disregard and breach of this duty by Devon consisted of, but is not limited to, the following acts and omissions:

    a. failing to perform wellsite operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

    b. failing to adequately warn of or make safe dangers or conditions of which Devon had actual knowledge;

    c. rushing operations in a manner that caused its employees and contractors to perform wellsite operations in an unsafe manner;

    d. failing to implement and enforce policies and procedures for safe wellsite operations;

    e. failing to follow policies, procedures, and guidelines for safe wellsite operations;

    f. failing to use ordinary care as a reasonable person would under the same or similar circumstances;

    g. failing to provide adequate/proper machinery, equipment, and knowledgeable and skillful personnel to complete the job;

    h. failing to ensure that the well site/premises was in a safe condition;

    i. failing to ensure that all work completed on the well site was properly supervised;

    j. failing to oversee and properly supervise the well site;

    k. failing to properly instruct and supervise the drill rig operator;

    l. failing to maintain and provide a functioning communications system that permitted safe, effective communications between and among wellsite crews; and

    m. failing to ensure that Devon's company man had the requisite knowledge, training and skill to properly instruct the workers on the premises;

    n. failing to ensure that Devon's company man had the requisite knowledge, training and skill to recognize unsafe operations and/or cease operations due to safety concern; and

    o. such additional acts of negligence, which will be established as the case progresses.

18. Each of these acts and omissions, singularly or in combination with others, constituted negligence and caused the occurrence making the basis of this action, including the injuries sustained by the Plaintiff.

**B.  NEGLIGENCE IN HIRING, SUPERVISING, TRAINING, AND/OR RETENTION**

19. Plaintiff incorporates all other paragraphs by reference here fully.

20. Upon information and belief, Devon contracted with Cactus and a company man for the provision of the equipment and performance of work at the wellsite. Devon knew or should have known that negligently hiring, retaining, training, and/or supervising Cactus and/or the company man would create an unreasonable risk or injury to others at the well site, including Plaintiff.

21. Devon failed to use ordinary care in hiring, retaining, training, and/or supervising Cactus and the company man.

22. Devon's negligence in hiring, retaining, training, and/or supervising Cactus and the company man was a cause of Plaintiff's injuries and damages.

**C.  STRICT LIABILITY – NON-DELEGABLE DUTY**

23. Plaintiff incorporates all other paragraphs by reference here fully.

24. In this case, Devon employed the contractors/subcontractors at the well site to do work that was likely to create a substantial risk of physical harm to others.

25. Therefore, Devon is liable for any harm caused by the absence of reasonable precautions necessary to avoid the harm.

## V.
## CAUSES OF ACTION AGAINST CACTUS

**A.  NEGLIGENCE**

26. Plaintiff incorporates all other paragraphs by reference here fully.

27. Cactus had ownership and/or control over the instrumentality and activity in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

28. The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions

    a. failing to perform drilling operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

    b. failing operate the drilling rig in accordance with industry standards;

    c. failing to adequately warn of or make safe dangers or conditions of which Cactus had knew of or should have known;

    d. rushing operations in a manner that caused its employees to perform drilling operations in an unsafe manner;

    e. failing to properly train, supervise, monitor, and retain employees;

    f. failing to implement and enforce policies and procedures for safe drilling;

    g. failing to follow policies, procedures, and guidelines for safe drilling;

    h. injuring Plaintiff by an ongoing dangerous activity that was created by their employees, agents and/or on-site representatives;

    i. failing to use ordinary care as a reasonable person would under the same or similar circumstances;

    j. failing to maintain and provide proper, safe equipment for safe drilling;

    k. failing to maintain and provide a functioning communications system that permitted safe, effective communications between and among their employees and the casing crew; and

    l. such additional acts of negligence, which will be established as the case progresses.

29. Each of these acts and omissions, singularly or in combination with others, constituted negligence and caused the occurrence making the basis of this action, including the injuries sustained by the Plaintiff.

**B.   NEGLIGENCE IN HIRING, SUPERVISING, TRAINING, AND/OR RETENTION**

30. Plaintiff incorporates all other paragraphs by reference here fully.

31. Cactus was the employer of its employees operating the drilling rig at the time of the incident. Cactus knew or should have known that negligently hiring, retaining, training, and/or supervising them would create an unreasonable risk or injury to others at the well site, including Plaintiff.

32. Cactus failed to use ordinary care in hiring, retaining, training, and/or supervising the personnel operating the drilling rig at the time of the incident.

33. Cactus's negligence in hiring, retaining, training, and/or supervising its employees operating the drilling rig was a cause of Plaintiff's injuries and damages.

## VI.
## DEFENDANTS' RECKLESS CONDUCT

34. Plaintiff incorporates all other paragraphs by reference here fully.

35. Plaintiff respectfully shows this Court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the malicious, willful, reckless, and/or wanton conduct of Defendants and their employees, agents, and/or representatives, as described herein.

36. The employees, agents, and representatives of Defendants were acting in the scope of their employment with Defendants and had sufficient discretionary or policy-making authority to speak and act for Defendants with regard to the conduct at issue, independently of higher authority. Defendants, or one of their principals, authorized, participated in, and/or ratified the conduct of said employees, agents and representatives.

37. Defendants' conduct, or that of their employees, agents, and representatives, taken as a whole, show that Defendants were malicious, willful, reckless, and/or wanton and such conduct was a cause of Plaintiff's injuries and damages. As such, Plaintiff is entitled to an award of punitive damages against Defendants.

## VII.
## RESPONDEAT SUPERIOR

38. Plaintiff incorporates all other paragraphs by reference here fully.

39. Whenever in this Complaint it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through their agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of their employment, agency, or contract with Defendants, and in furtherance of Defendants' businesses.

40. At the time of this incident, Cactus was working for Devon. Upon information and belief, Devon also had a "company man" present at the well site. Likewise, members of the Cactus drilling crew were within the course and scope of their employment with Cactus and were operating Cactus equipment in furtherance of Cactus's business.

41. At the time of this incident and immediately prior thereto, Cactus and the company man were accomplishing a task for Devon. Likewise, members of the Cactus crew were engaged in accomplishing a task for which they were employed by Cactus.

42. Therefore, under the doctrine of respondeat superior, Defendants are vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, including the "company man", Cactus, and the members of the Cactus crew.

## VIII.
## DAMAGES, EXEMPLARY DAMAGES, AND INTEREST

43. Plaintiff incorporates all other paragraphs by reference here fully.

44. As a direct result of the conduct of the Defendants, Plaintiff has suffered serious injuries and resulting damages. Plaintiff is entitled to an award of damages from Defendants to compensate him for the following specific items:

    a. Physical pain and suffering in the past and future;

    b. Mental anguish in the past and future;

  c. Loss of enjoyment of life in the past and future;

  d. Reasonable medical expenses in the past and future;

  e. Reasonable non-medical expenses in the past and future;

  f. Loss of wages and earning capacity in the past and future;

  g. Loss of household services in the past and future;

  h. Exemplary damages/punitive damages; and

  i. All other damages to which he is entitled to recover by law.

45. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law. Plaintiff also seeks court costs.

## IX.
## JURY DEMAND

46. Plaintiffs request a trial by jury for all issues.

## X.
## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for his actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*/s/ David J. Jaramillo*
David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. NW
Albuquerque, NM  87102
Phone 505.200.9454
Fax    505.717.1502
david@djnmlaw.com
law@djnmlaw.com

AND

Michael E. Streich*
Federal ID No. 1339959
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: 713.491.6064
Facsimile: 713.583.8545
mstreich@zehllaw.com

*Pro Hac Vice Forthcoming*